# UNITED STATES DISTRICT COURT
# DISCTRICT OF CONNECTICUT

--------------------------------------------------------------x

| | | |
|---|---|---|
| DENISE MURPHY | : | CIVIL ACTION NO. |
| *Plaintiff* | : | |
| | : | |
| VS. | : | JURY TRIAL REQUESTED |
| | : | |
| LIFECHOICE DONOR SERVICES, INC. | : | |
| *Defendant* | : | JUNE 13, 2012 |

--------------------------------------------------------------x

## COMPLAINT

### INTRODUCTION:

1.      This is action to redress sexual harassment, pregnancy, sex/gender, discrimination, unequal treatment, retaliation and wrongful termination of employment in violation of Title VII of the Civil Rights Act of 1964 (29 U.S.C. § 2000e *et seq.*) (hereinafter Title VII), violation of the Americans with Disabilities Act, 42 U.S.C. § 2000e *et seq* (hereinafter ADA), violation of the Family Medical Leave Act, 29 U.S.C § 2601 *et seq.* (hereinafter FMLA), violation the corresponding laws of Connecticut enumerated in Connecticut General Statutes § 46a-60(a)(1), (4), (7) and (8), and violation of the Common Laws of the State of Connecticut.

### PARTIES AND JURISDICTION:

2.      The Plaintiff, Denise Murphy (hereinafter referred to as "Plaintiff"), was and is a resident of the City of New Haven, State of Connecticut.

3.      The Defendant, LifeChoice Donor Services, Inc. (hereinafter referred to as "Defendant" or "Defendant Company"), was and is a Connecticut corporation with a principle place of business located at 8 Griffin Road North, Suite 200B, in the Town of Windsor, State of Connecticut, 06095.

4.      Jurisdiction of this Court is invoked under the provisions of 28 U.S.C. §1331, federal question jurisdiction, as the Plaintiff's claims arise, *inter alia*, under the laws of the United States, specifically, Title VII, the ADA and the FMLA.

5.      Plaintiff filed an administrative complaint with the Commission on Human Rights and Opportunities on or about November 15, 2011, and received a Release of Jurisdiction letter dated May 17, 2012.  This complaint is brought within ninety (90) days of the Release of Jurisdiction letter, which is attached hereto as **Exhibit A**.

6.      Plaintiff further filed an administrative complaint with the U.S. Equal Employment Opportunity Commission on or about November 15, 2011, and received a release and right to sue letter dated May 9, 2012.  This complaint is brought within ninety (90) days of the Right to Sue letter, which is attached hereto as **Exhibit B**.

**FACTS:**

7.      Plaintiff commenced her employment with the Defendant Company in April 2007.  Plaintiff was hired as a "Organ Procurement Coordinator."   Plaintiff's duties consisted of providing oversight and coordination for procurement of organs for transplant.

8.      Throughout plaintiff's employment, Chad Ezzell acted on behalf of the defendant company as a managerial / supervisory employee and was plaintiff's direct supervisor.

9.      Throughout plaintiff's employment, Laine Krisiunas acted on behalf of the company as the Assistant Director and Human Resources.

10.     Throughout plaintiff's employment, Debbie Savaria acted on behalf of the company as the Director.

11.     Throughout plaintiff's employment, plaintiff was a good and dependable employee.  Plaintiff was not subject any form discipline, she received acceptable performance

2

evaluations, as well as merit raises and bonuses.  In addition, plaintiff received a manager award commending her work performance.

12.     In approximately May 2009, plaintiff's supervisor, Chad Ezzell, pursued the plaintiff in an effort to start a romantic relationship with her.  As a result, plaintiff and Mr. Ezzell started to date and have a relationship in May 2009.  The relationship lasted approximately 4-5 months.

13.     In approximately October 2009, plaintiff learned that Mr. Ezzell had not separated from his wife and was still married. In addition, Mr. Ezzell's wife learned of Mr. Ezzell's relationship with the plaintiff and made multiple contacts with the plaintiff.  As a result, plaintiff held a meeting with Mr. Ezzell and specifically instructed him that their relationship was over and that as of that date, they would only have a work/business relationship and nothing further.

14.     In December 2009, plaintiff started to date a new person.  Mr. Ezzell became aware that plaintiff was dating someone new and this upset Mr. Ezzell.  Mr. Ezzell expressed great displeasure towards the plaintiff at work because plaintiff was not in a romantic relationship with him anymore.  He made comments: "you should be with me," and others like: "you know you will always be my girl."

15.     Plaintiff ignored Mr. Ezzell's requests and advancements and she attempted to maintain a professional relationship.  Mr. Ezzell wanted the plaintiff in his life romantically but plaintiff made it clear to him that she was with a new boyfriend and that she would only have a business relationship with him.

16.     After complaining to Mr. Ezzell and denying his requests / advances, Mr. Ezzell became upset with the plaintiff, retaliated against the plaintiff, took hostile and discriminatory

actions and comments towards the plaintiff, and continued to subject plaintiff to a hostile work environment.

17.     Thereafter, Mr. Ezzell continued to make advancements towards plaintiff on a daily basis.  He communicated advancements to plaintiff during working hours, as well as making advancements to the plaintiff on her cell phone after work.

18.     In approximately December 2010 or January 2011, plaintiff learned that she was pregnant and that she had an expected due date of September 19, 2011.  Around that time, plaintiff was informed by her physician that she was experiencing complications with her pregnancy and that as a result she was required to remain bed rest at eleven weeks.

19.     Plaintiff approached Mr. Ezzell and informed him that she was pregnant, was experiencing medical complications with the pregnancy and as a result, her physician required that she remain bed rest at 11 weeks pregnant.  In response Mr. Ezzell became upset at the plaintiff and stated:

        a.   "This should be my baby";

        b.   "You are with the wrong guy, you should not be pregnant"; and,

        c.   "I will raise this baby as my own."

20.     In March 2011, plaintiff began a medical leave of absence for complications related to her pregnancy and remained on bed rest.  On April 15, 2011, plaintiff lost her baby at 17 weeks due to medical complications.  Plaintiff returned to work after the miscarriage on or about April 21, 2011.

21.     Upon returning to work on or about April 21, 2011, plaintiff learned that the defendant company had hired two new employees to work in plaintiff's department, Jason

4

Kierstead and Cindy Adams.  Upon returning to work plaintiff learned that it was now part of her job responsibilities to assist in training the new employees.

22.      After returning from her medical leave, plaintiff was subjected to differential treatment.  For the first time in her employment, plaintiff was excluded from company meetings.  Prior to plaintiff's pregnancy, plaintiff was the co-leader of the clinical goals committee and was included in meetings.  Plaintiff was no longer invited to meetings with coordinator Tania Houle for goals groups.  Defendant Company was obstructing any efforts to apprise plaintiff of information needed for plaintiff to be kept informed and advance.

23.      In addition, it was common for Mr. Ezzell and employees in plaintiff's department to have lunches together or socialize after work.  After plaintiff's return from medical leave due to pregnancy complications, plaintiff was no longer invited to such events/occasions.

24.      Plaintiff complained to Mr. Ezzell about the differential treatment since her pregnancy, how he spoke to the plaintiff while she was pregnant, and how plaintiff felt that she was being treated unfairly upon her return.  Plaintiff felt like she was being pushed out.

25.      In August or September 2011, while in the course of plaintiff's employment, plaintiff experienced an adverse reaction to medication that she was taking while at work and as a result, she decided to sit down and take a minute break to collect herself.  Mr. Ezzell approached the plaintiff and asked her what was wrong.  Plaintiff stated that she was emotional and having a tough time with the miscarriage because the baby would have been born soon.  In response Mr. Ezzell stated in an offensive manner: "You are not over that yet?"

26.      In the middle of September 2011, plaintiff learned that she was pregnant again.

27.      In the middle of September 2011, while in the course of her work duties and in the middle of a case, plaintiff began to bleed out / hemorrhage profusely.  Plaintiff immediately

contacted the second call coordinator Tania Houle and requested scrubs and informed her of the situation.  Ms. Houle then contacted the on-call administrator, Pam Magee, and informed her of what was happening.  Plaintiff was then contacted by Ms. Magee and instructed to go to the hospital emergency room.

28.     Plaintiff stayed on location until Tania arrived 2-3 hours later because plaintiff did not want to violate policy or the call out procedure.  The following morning plaintiff went to her physician and was subjected to numerous tests, multiple ultra sounds and blood work over the next two weeks.

29.     During the exam plaintiff's physician informed her that she was pregnant and that she most likely had experienced another miscarriage.

30.     Two days later, plaintiff was called by the defendant company and instructed to attend a meeting with Chad Ezzell.  When plaintiff arrived for the meeting she was emotional and informed Mr. Ezzell that she experienced another miscarriage and it happened at work in the middle of her shift.  In response Mr. Ezzell did not express any sympathy or inquire about plaintiff's wellbeing, but instead he disciplined the plaintiff and stated that at the time of the incident plaintiff's "line of communication was not proper."  The meeting lasted an hour and plaintiff was in shock that she was disciplined for experiencing a miscarriage at work.

31.     When plaintiff returned to work, the working environment was extremely hostile and uncomfortable.  For the next month plaintiff was excluded from meetings and coordinators refused to meet with the plaintiff.

32.     On October 18, 2011, Mr. Ezzell called plaintiff into his office at 7:30am. Present in the meeting was the Assistant Director, Laine Krisiunas.  Laine stated to the

plaintiff that her employment was terminated.  Plaintiff asked for a reason and in response

plaintiff was told: "you are just not a good fit here."

**FIRST COUNT:**          **Pregnancy Discrimination in Violation of Title VII, 42 U.S.C.§ 2000e *et seq.* and Conn. Gen. Stat. 46a-60(a)(7)**

1-32.   The Plaintiff repeats and re-alleges paragraphs 1 through 32 above, and

incorporates them as paragraphs 1 through 32 of this First Count as if fully stated herein.

33.    The foregoing conduct of the defendant company, through its agents, servants,

and/or employees, constitutes discrimination and wrongful termination against the Plaintiff

because of her pregnancy, which is a violation of 42 U.S.C. § 2000e *et seq.*, Title VII, and

Conn. Gen. Stat. 46a-60(a)(7) of the Connecticut Fair Employment Practices Act.

34.    As a result of the aforementioned discriminatory conduct of the defendant

company, its agents, servants, and/or employees, the Plaintiff has suffered a loss of income,

lost wages, benefits, retirement benefits, medical benefits and termination of her employment.

35.    As a further result of the aforementioned discriminatory conduct of the

defendant company, the Plaintiff has suffered severe emotional distress and a loss of ability to

enjoy life's pleasures.

36.    As a further result of the aforementioned discriminatory conduct of the

defendant company, the Plaintiff has incurred legal fees and costs in order to obtain the rights

to which she is entitled.

**SECOND COUNT:**          **Sex / Gender Discrimination in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*) as amended and Conn. Gen. Stat. 46a-60(a)(1)**

1-32.  Paragraphs 1 through 32 above are hereby incorporated and made paragraphs

1 through 32 of this Second Count as if fully stated herein.

33.    The foregoing conduct of the defendant, acting through its agents, servants,

and/or employees, constitutes discrimination and wrongful termination against the plaintiff because of her sex/gender, which is a violation of Title VII and Conn. Gen. Stat. 46a-60(a)(1), the Connecticut Fair Employment Practices Act.

34.     As a result of the aforementioned discriminatory conduct of the defendant company, its agents, servants, and/or employees, the Plaintiff has suffered a loss of income, lost wages, benefits, retirement benefits, medical benefits and termination of her employment.

35.     As a further result of the aforementioned discriminatory conduct of the defendant company, the Plaintiff has suffered severe emotional distress and a loss of ability to enjoy life's pleasures.

36.     As a further result of the aforementioned discriminatory conduct of the defendant company, the Plaintiff has incurred legal fees and costs in order to obtain the rights to which she is entitled.

**THIRD COUNT:**     **Sexual Harassment in violation of Title VII and C.G.S. § 46a-60(a)(8)**

1-32.   Paragraphs 1 through 32 above are hereby incorporated and made paragraphs 1 through 32 of this Third Count as if fully stated herein.

33.     The foregoing conduct of the defendant company, acting through its agents, servants, and/or employees, constitutes unwelcome sexual harassment and a hostile working environment.

34.     As a result of the Defendant Company's sexual harassment, through its agents, servants, and/or employees, Plaintiff has suffered a loss of income and employment benefits.

35.     As a further result of the Defendant Company's sexual harassment, through its agents, servants, and/or employees, Plaintiff has suffered severe emotional distress, including

8

but not limited to, intimidation, embarrassment, stress, anxiety, frustration, and humiliation, which has limited her ability to enjoy life's pleasures.

36.     As a further result of the aforementioned conduct of Defendant Company, its agents, servants, and/or employees, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

37.     As a further result of Defendant Company, its agents, servants, and/or employees, the Plaintiff has incurred attorney's fees and costs in order to receive the rights to which she is entitled.

**FOURTH COUNT:**          **Retaliation in Violation of Title VII and the Connecticut Fair Employment Practices Act**

1-32.     Paragraphs 1 through 32 above are hereby incorporated and made paragraphs 1 through 32 of this Fourth Count as if fully stated herein.

33.     The foregoing conduct of the defendant, acting through its agents, servants and/or employees, constitutes retaliation.

34.     The actions of Defendant Company, through its agents, servants, and/or employees, were intended to retaliate against the Plaintiff, and ultimately terminate Plaintiff's employment because of she opposed discriminatory practices and engaged in a lawfully protected activity.

35.     As a result of the Defendant Company's retaliatory conduct, the Plaintiff has suffered loss compensation, including but not limited to, lost wages, fringe benefits, pension credits, lost seniority and front pay.

36.     Additionally, as a direct and proximate result of the Defendant Company's actions, as aforesaid, the Plaintiff has suffered emotional distress.

37.     Furthermore, as a result of the Defendant Company's actions, as aforesaid, the Plaintiff has been forced to spend legal fees and costs in order to obtain the rights to which she is entitled.

**FIFTH COUNT:**          **Retaliation Pursuant to the Family Medical Leave Act 29 U.S.C. § 2612 *et seq.***

1-32.   Paragraphs 1 through 32 above are hereby incorporated and made paragraphs 1 through 32 of this Fifth Count as if fully stated herein.

33.     The Plaintiff was an eligible employee under the Family Medical Leave Act ("FMLA"), the Plaintiff was entitled to a leave under the FMLA, and the Plaintiff gave notice to the Defendant that she wished to take a medical leave and took a leave.

34.     The Plaintiff was retaliated against and subject to adverse employment action for attempting to exercise and/or exercising her rights under the FMLA.

35.     As a result of the Defendant Company's violation of the FMLA, subjecting the Plaintiff to adverse employment action, and terminating the Plaintiff's employment, the Plaintiff has suffered loss compensation, including but not limited to lost wages, fringe benefits, pension credits, lost seniority and front pay.

36.     Additionally, as a direct and proximate result of the Defendant Company's actions, as aforesaid, the Plaintiff has suffered emotional distress.

37.     Furthermore, as a result of the Defendant Company's actions, as aforesaid, the Plaintiff has been forced to spend legal fees and costs in order to obtain the rights to which she is entitled.

**SIXTH COUNT:**     **Interference Pursuant to the Family Medical Leave Act 29 U.S.C. § 2612 *et seq.***

1-32.  Paragraphs 1 through 32 inclusive above are hereby incorporated and made paragraphs 1 through 32 of this Sixth Count as if fully stated herein.

33.    The Plaintiff was an eligible employee under the FMLA, the Plaintiff was entitled to a leave under the FMLA, Plaintiff gave notice to the defendant that she wished to take a medical leave, and defendant denied the Plaintiff the benefits to which she was entitled under the FMLA.

34.    The Defendant discriminated against the Plaintiff, retaliated against the Plaintiff, interfered with the plaintiff's rights, and ultimately terminated the Plaintiff for exercising her rights or attempting to exercise her rights under the FMLA.

35.    The aforementioned conduct of the Defendant, through its agents, servants, and/or employees, constituted interference and violation of the FMLA.

36.    As a result of the aforementioned conduct of the Defendant, acting through its agents, servants and/or employees, the Plaintiff has lost a considerable amount of time from her gainful employment, and she has suffered a substantial loss of income, health benefits, and/or retirement benefits, and will continue to suffer the loss of same into the future all to her loss and detriment.

37.    As a further result of the aforementioned conduct of the Defendant, acting through its agents, servants and/or employees, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

38.    As a further result of the aforementioned conduct of the Defendant, acting through its agents, servants and/or employees, the Plaintiff has been forced to incur attorney's fees and costs in order to obtain the rights to which she is entitled.

11

**SEVENTH COUNT:**     **Disability Discrimination in Violation of the ADA and C.G.S. §**
                       **46a-60(a)(1)**

1-32.   Plaintiff repeats and re-alleges Paragraphs 1 through 32 above as Paragraphs 1 through 32 of this Seventh Count as if fully set forth herein.

33.   Plaintiff was unequally treated and her employment was terminated because of a disability.

34.   Defendant retaliated against the plaintiff, denied the plaintiff a reasonable accommodation, and terminated her employment under a pretext.

35.   The foregoing conduct of the Defendant Company, through its agents, servants, and/or employees, constitutes disability discrimination in violation of the ADA and the CFEPA.

36.   As a result of the foregoing discriminatory conduct of the Defendant Company, through its agents, servants, and/or employees, Plaintiff has suffered loss of wages, benefits, and bonuses.

37.   As a further result of the foregoing discriminatory conduct of the Defendant Company, through its agents, servants, and/or employees, Plaintiff has incurred attorney's fees and costs in order to obtain the right to which she is entitled.

38.   As a further result of the foregoing discriminatory conduct of the Defendant Company, through its agents, servants, and/or employees, Plaintiff has lost a considerable amount of time from her gainful employment.  As such, Plaintiff has suffered a substantial loss of income, health benefits, retirement benefits and will continue to suffer the loss of same all to her loss and detriment.

39.   As a further result of the foregoing discriminatory conduct of the Defendant Company, through its agents, servants, and/or employees, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**EIGHTH COUNT:**          **Retaliation in Violation of the ADA**

1-32.  Plaintiff repeats and re-alleges Paragraphs 1 through 32 above as Paragraphs 1 through 32 of this Eighth Count as if fully set forth herein.

33.    Plaintiff was unequally treated and her employment was terminated because of a disability and/or requesting an accommodation.

34.    Defendant retaliated against the plaintiff and terminated her employment under a pretext.

35.    The foregoing conduct of the Defendant Company, through its agents, servants, and/or employees, constitutes retaliation in violation of the ADA.

36.    As a result of the foregoing discriminatory conduct of the Defendant Company, through its agents, servants, and/or employees, Plaintiff has suffered loss of wages, benefits, and bonuses.

37.    As a further result of the foregoing discriminatory conduct of the Defendant Company, through its agents, servants, and/or employees, Plaintiff has incurred attorney's fees and costs in order to obtain the right to which she is entitled.

38.    As a further result of the foregoing discriminatory conduct of the Defendant Company, through its agents, servants, and/or employees, Plaintiff has lost a considerable amount of time from her gainful employment.  As such, Plaintiff has suffered a substantial loss of income, health benefits, retirement benefits and will continue to suffer the loss of same all to her loss and detriment.

39.    As a further result of the foregoing discriminatory conduct of the Defendant Company, through its agents, servants, and/or employees, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

13

**NINTH COUNT:**          **Intentional Infliction of Emotional Distress**

1-32.   Plaintiff repeats and re-alleges Paragraphs 1 through 32 above as Paragraphs 1 through 32 of this Ninth Count as if fully set forth herein.

33.   The defendant's aforementioned actions wer extreme and outrageous.

34.   The foregoing actions of the defendant intended to inflict emotional distress upon the plaintiff and the defendant knew, or in the exercise of reasonable care, should have known that emotional distress was the likely result of the aforementioned conduct.

35.   As a result of the defendant's aforementioned conduct, the plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

36.   As a further result of the defendant's aforementioned conduct, the plaintiff has suffered a loss of income.

37.   As a further result of the defendant's aforementioned conduct, the plaintiff has been forced to incur attorney's fees and costs in order to obtain the rights to which she is entitled.

**WHEREFORE,** the Plaintiff prays for the following relief:

1.  Assume jurisdiction over this matter;

2.  Money damages;

3.  Damages for lost wages, lost benefits, lost fringe benefits, front pay and reinstatement;

4.  Damages for emotional distress;

5.  Punitive damages;

6.  Reasonable attorney's fees and costs; and

7.  Such other relief available and as the Court deems appropriate.

THE PLAINTIFF
DENISE MURPHY

By: _____
Emanuele R. Cicchiello, Esq (ct 27118)
Cicchiello & Cicchiello LLP
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Email: manny@cicchielloesq.com

# UNITED STATES DISTRICT COURT
# DISCTRICT OF CONNECTICUT

-------------------------------------------------------x

DENISE MURPHY                                                 :          CIVIL ACTION NO.
      *Plaintiff*                                                :

VS.                                                                        :          JURY TRIAL REQUESTED

                                                                  :

LIFECHOICE DONOR SERVICES, INC.                :
      *Defendant*                                             :          JUNE 13, 2012

-------------------------------------------------------x

## REQUEST FOR TRIAL BY JURY

Plaintiff hereby requests trial by jury in the above-captioned matter.


                      THE PLAINTIFF
                      DENISE MURPHY

                      By: _____
                      Emanuele R. Cicchiello, Esq (ct 27118)
                      Cicchiello & Cicchiello LLP
                      364 Franklin Avenue
                      Hartford, Connecticut 06114
                      Tel: (860) 296-3457
                      Fax: (860) 296-0676
                      Email: manny@cicchielloesq.com

# **EXHIBIT A**

STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Denise Murphy
COMPLAINANT

vs.                                                      DATE: May 17, 2012

LifeChoice Donor Services, Inc.
RESPONDENT

CHRO Case No. 1210175
EEOC No. 16A-2012-00213

## RELEASE OF JURISDICTION

Pursuant to the request for a release of jurisdiction, the Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint in accordance with CONN. GEN. STAT. § 46a-101. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

**A copy of any civil action brought pursuant to this release must be served on the Commission at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

In granting this release, the Commission expressly finds in accordance with CONN. GEN. STAT. §§ 46a-100 and 46a-101(b) that all conditions precedent to the issuance of the release have been met. The complaint was timely filed under CONN. GEN. STAT. § 46a-82 and the complaint has been pending for a period of not less than 180 days. The complaint is not currently scheduled for public hearing nor is there reason to believe that the complaint will be resolved within a period of 30 days from the date the Commission received the request.

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

With the granting of this release of jurisdiction, the Commission administratively dismisses this complaint in accordance with CONN. GEN. STAT. § 46a-101(d) without cost or penalty to any party.

Very truly yours,

Robert J. Brothers, Jr.
Executive Director

cc:   Complainant's Attorney, Emanuele R. Cicchiello, via email: manny@cicchielloesq.com
      Respondent's Attorney, James F. Shea, via email: sheaj@jacksonlewis.com
      Respondent's Contact, Deborah Savaria, via First Class Mail

# **EXHIBIT B**

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: Denise Murphy<br>25 Florence Avenue<br>New Haven, CT 06512 | From: Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2012-00213 | Anne R. Giantonio,<br>Intake Supervisor | (617) 565-3189 |

(See also the additional Information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Robert L. Sanders,
Area Office Director

**MAY 09 2012**

(Date Mailed)

Enclosures(s)

cc:

LIFECHOICE DONOR SERVICES, INC
8 Griffin Road North, Suite 200b
Windsor, CT 06095

David B. Cahill, Esq.
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114